# Staunton.

## NEW SOUTH BUILDING AND LOAN ASSOCIATION AND OTHERS v. REED.

### SEPTEMBER 15, 1898.

#### Absent, Cardwell, J.

1. JUDGMENTS—*Relate to First Day of Term—Deeds of Trust Recorded during Term.*—The judgments asserted in this cause relate back to the first day of the term of the court at which they were rendered, and are of superior dignity to a deed of trust recorded during the term, though before the day on which the judgments were actually rendered.

2. APPEAL AND ERROR—*Subrogation—Claim First Asserted in Appellate Court.*—A claim to be subrogated to the rights of a lien creditor, not made in the pleadings, cannot be asserted in this court for the first time.

3. VOLUNTARY DEEDS—*Subsequent Creditors—Fraud.*—In the absence of fraud, a merely voluntary deed will not be set aside at the instance of subsequent creditors of the grantor.

4. SEPARATE ESTATES.—*Improvements by Insolvent Husband.*—Improvements put upon the separate estate of a married woman by her insolvent husband, in fraud of his creditors, may be followed in her hands by such creditors, and the separate estate charged with the value of such improvements.

5. SEPARATE ESTATES—*Use by Husband—Loans—Rights of Creditors of Insolvent Husband.*—If a wife permit funds which constitute her separate estate to pass into the hands of her husband, and there is nothing to show that the transaction was a loan to him, or that they intended to occupy the relation of debtor and creditor, in a contest between the creditors of an insolvent husband and the wife over the funds, the creditors will prevail.

Appeal from a decree of the Hustings Court of the city of Roanoke pronounced May 20, 1896, in a suit in chancery under

the style of *The Enterprise Carriage Manufacturing Company and Another for, &c.* v. *Reed and others,* in which the appellant, New South Building and Loan Association, was defendant, and the appellants, Nelson & Myers, were admitted parties complainants.

*Reversed.*

In 1888 the appellees, D. V. Reed and Margaret O. Reed his wife, came to Roanoke, Virginia, bringing with them about $300 belonging to the said D. V. Reed, and the tools of his trade, and about $1,200 of the separate estate of Margaret O. Reed, derived from the sales of certain lands owned by her in West Virginia. This $1,200 D. V. Reed mingled with his own money and used as his own, with the assent of said Margaret O. Reed. Shortly after their arrival in Roanoke, D. V. Reed purchased property in that city situate at the corner of Luck and Roanoke streets, on which he erected a carriage factory.

By deed bearing date April 17, 1893, and admitted to record on that day, D. V. Reed conveyed the above mentioned property in Roanoke in trust to secure to the appellant, the New South Building and Loan Association, the payment of a debt of $4,500, for money loaned him. Sale was made under this deed of trust December 6, 1894, and the Building Association became the purchaser of the property at the price of $2,500. This amount was credited on the debt due the Building Association, and left a considerable balance remaining unpaid on its debt.

The Circuit Court of the city of Roanoke at its term beginning April 10, 1893, rendered two judgments against the said D. V. Reed—one on the 16th day of May, 1893, in favor of The Enterprise Carriage Manufacturing Company for $140.25, with interest from May 16, 1893, and $15.10 costs, and the other on the 19th day of May, 1893, in favor of the Ohio Spiral Spring Buggy Company for $400, with interest from May 12, 1893, and $18.58 costs—both of which judgments were duly docketed on the 23d day of May, 1893.

By deed bearing date April 15, 1891, admitted to record November 2, 1891, George A. Baker and wife conveyed to Margaret O. Reed a lot of land in the city of Roanoke, Virginia, situate at the corner of Mountain street and Franklin road. The consideration for said conveyance, as stated in the deed, was $2,400, of which $1,200 was paid in cash. For the residue the said Margaret O. Reed assumed the payment of negotiable notes aggregating $600, and executed a negotiable note for the remaining $600, payable to said George A. Baker. It appears that the whole of the consideration for said last mentioned property, with the exception of about $50, has been paid.

In February, 1895, The Enterprise Carriage Manufacturing Company and the Ohio Spiral Spring Buggy Company, suing for themselves and all other lien creditors of D. V. Reed, filed their bill in the Hustings Court of the city of Roanoke, in which, among other things, they charge that the judgments aforesaid are liens on the lot at the corner of Roanoke and Luck streets, from and after the first day of the term at which they were rendered, and on all the other real estate then and thereafter owned by said D. V. Reed, and that the New South Building and Loan Association acquired the property at Roanoke and Luck streets subject to the lien of said judgments. They also charge that the consideration for the lot conveyed to Margaret O. Reed by George A. Baker above mentioned was paid by the said D. V. Reed, and that the conveyance was made to her by the procurement of said D. V. Reed, with intent to hinder, delay, and defraud his creditors, and that of this intent said Margaret O. Reed had notice; that said deed is void as to such creditors, and that the judgments aforesaid are liens upon the property so conveyed. The prayer of the bill is, amongst other things, that the property purchased by the New South Building and Loan Association as aforesaid be subjected to the judgments aforesaid; that the deed to Margaret O. Reed be set aside and annulled, and the property

attempted to be conveyed thereby subjected to the payment of the debts of D. V. Reed.

The New South Building and Loan Association answered this bill and prayed that its answer might be treated as a cross-bill. It denied that the property purchased by it was liable to the judgments aforesaid, and claimed to be a *bona fide* purchaser without notice, and that, even if said judgments are held to be prior liens upon the property so purchased by it, the said D. V. Reed is the owner of other property which should be first subjected to the payment of the liens of said judgments. It joins in the prayer of the bill that the deed from George A. Baker to Margaret O. Reed be set aside and annulled, and further prays that the property conveyed thereby be subjected to the payment of the balance remaining due it by reason of its $4,500 loan to D. V. Reed. The Building Association also contended, in this court, that as the money it loaned D. V. Reed was largely used in paying off liens on the property at Luck and Roanoke streets, purchased by it as aforesaid, prior to said judgment liens, it was entitled to be substituted, to this extent, to the rights of the holders of such prior liens, and, therefore, was entitled to priority over the said judgments, but no such claim was asserted in the pleadings in the trial court.

The appellants Nelson & Myers were creditors of D. V. Reed, and came into the suit by petition.

*C. A. McHugh* and *John M. Hart*, for the appellants.

*Scott & Staples, Watts, Robertson & Robertson*, and *Lockett & Cosby*, for the appellees.

Harrison, J., delivered the opinion of the court.

The court is of opinion that the two judgments asserted in the original bill in this cause, one in favor of The Enterprise Carriage Manufacturing Company, and the other in favor of

the Ohio Spiral Spring Buggy Company, constitute liens upon the real estate of D. V. Reed prior in dignity to the deed of trust upon said real estate in favor of the appellant Building Association, dated and recorded April 17, 1893. Both of these judgments were rendered at the April term, 1893, of the Circuit Court for the city of Roanoke, which term began April 10, 1893. The judgments were rendered after the recordation of the deed of trust, but they operate as liens upon the real estate of the judgment debtor from the first day of the term of the court at which they were rendered. This we have seen was before the deed of trust was recorded, and hence judgments rendered at that term have priority over the deed of trust recorded during the term. Code, sec. 3567 ; *Hockman* v. *Hockman*, 93 Va. 455.

The court is further of opinion that the appellant Building Association is not entitled to be subrogated to the liens existing upon the real estate of D. V. Reed at the time its loan was made, and upon which said loan was secured. This claim for subrogation is for affirmative relief. It was never made in the court below, but is suggested for the first time in the closing brief of counsel for appellant, filed a few days before the case was called for argument in this court. The cause was not conducted in the court below with reference to the contention now made as a means of relief, and even if it was proper to allow parties to be surprised by a new case made here for the first time, the evidence furnished no basis for the relief asked.

The court is further of opinion that the deed of April 15, 1891, from George A. Baker and wife, conveying to Mrs. M. O. Reed a certain lot of land in the city of Roanoke, on the corner of Mountain street and Franklin road, was not made at the instance of D. V. Reed, the husband of the grantee, with intent to hinder, delay, and defraud his creditors. The evidence shows that at the time of this conveyance, D. V. Reed had ample property to pay his debts, and that its execution in no way prejudiced any creditor of D. V. Reed whose debt ex-

isted at the time it was made. Nor is there any evidence or circumstance tending to show that the deed in question was intended to prejudice the rights of subsequent creditors of D. V. Reed. The deed was merely voluntary, and the appellants, whose debts were created after it was made and recorded, cannot subject the property thereby conveyed upon the ground that it was executed in fraud of their rights. Code, sec. 2459; *Rose* v. *Brown*, 11 W. Va. 122; *Bank* v. *Wilson*, 25 W. Va. 242.

The court is further of opinion that D. V. Reed, having created the debts due to the appellants, could not thereafter lawfully divert his estate to the payment of purchase money due from his wife on her separate real estate, or to the cost of improving said real estate, leaving his own debts unpaid, and without the means of payment. It is well settled that improvements put upon the wife's separate realty by the husband in fraud of creditors, can be followed by the creditors on the premises where they are put, and the realty can, in favor of the creditors, be charged with the value of such improvements. It would be contrary to the plainest principles of right and justice to permit an insolvent husband to divert his means, and invest it in improving his wife's separate estate, which is not liable to his debts, and thus defeat the demands of his creditors. *Rose* v. *Brown*, 11 W. Va. 122; *Bank* v. *Wilson*, 25 W. Va. 242; *Burt* v. *Timmons*, 29 W. Va. 441.

The contention on behalf of Mrs. Reed that the balance of purchase money on her lot, and the cost of improving the same, was paid by D. V. Reed with separate estate in his hands belonging to her, is not sustained by the evidence. It appears that about the year 1888 the proceeds of certain real estate in West Virginia belonging to Mrs. Reed, amounting to about $1,200, passed into the hands of D. V. Reed, without anything to show that it was intended as a loan, or that the husband and wife intended to occupy the relation of debtor and creditor in respect thereto. Under such circumstances the wife cannot prevail against the creditors of the husband. *Spence* v. *Repass*, 94 Va. 716.

Admitting, however, that D. V. Reed was under obligation to account to his wife for this fund, as debtor to her separate estate, it is shown that all obligation on this account was more than discharged by the conveyance to Mrs. Reed, and the subsequent improvement, of certain real estate in the city of Roanoke, not in controversy in this case, and by the payment for her, prior to the creation of the debts due appellants, of a large part of the purchase money for the lot in question.

The court is further of opinion that the record does not show, with sufficient clearness to form the basis of a decree, what amount was paid by D. V. Reed, after the creation of the debts due to appellants, in discharge of unsatisfied purchase money due on the house and lot in question belonging to Mrs. Reed, or what sum was paid by him, after that date, in discharge of the outstanding cost of making improvements upon said lot. The cause ought to have been recommitted to a commissioner, and these facts ascertained and reported to the court, and, when correctly determined, a decree entered, charging the property in question with the amount thus shown to have been diverted by D. V. Reed from the just claims of his creditors.

The lower court having held that there was no charge upon the house and lot belonging to Mrs. Reed, situated on the corner of Mountain street and Franklin road, in the city of Roanoke, in favor of appellants, its decree must in this respect be reversed and set aside, and in all other respects affirmed, and the cause remanded to the Hustings Court for the City of Roanoke for further proceedings to be had in accordance with the views expressed in this opinion.

*Reversed.*