# CASES DECIDED

## IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

### Staunton.

#### BROWN v. ORR AND OTHERS.

September 9, 1909.

1. PARTNERSHIP—*Diversion of Funds—Lien on Investment.*—Where partnership funds have been used by one partner, without authority, to purchase and improve land conveyed to his wife, the land so purchased will be charged with a lien in favor of the partnership to the extent that the partnership funds have been so used and unaccounted for.

2. HUSBAND AND WIFE—*Joint Purchase of Land—Conveyance to Wife—Husband's Interest in Property.*—Where property was purchased by husband and wife jointly, but was conveyed to the wife alone, and was afterwards sold and conveyed to a purchaser who executed his note or bond for the balance of the purchase money to them jointly, a *prima facie* case is made entitling the husband to one-half the balance of the purchase price, notwithstanding the fact that the title, in the first instance, was conveyed to the wife only.

3. SUBROGATION—*Payment by Widow of Husband's Debts.*—A widow who has paid off debts of her deceased husband out of her own estate will be subrogated to the rights of her husband's creditors against his estate to the extent of such payment.

Appeal from a decree of the Circuit Court of Lee county. Decree for complainant. One of defendants appeals.

*Affirmed.*

The opinion states the case.

*Pennington Bros.,* for the appellant.

*Irvine & Morison* and *Duncan & Cridlin,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to have a settlement of the affairs of the partnership, under the firm name of Brown & Orr, which had existed between the appellant's husband, C. W. Brown, and the appellee, James W. Orr, from the year 1893 until the death of Mr. Brown in the year 1907; to subject the partnership assets to the payment of its debts; and also to subject certain real estate, or the proceeds thereof, claimed by the appellant, to the payment of said debts, upon the ground that said real estate was purchased in whole or in part with partnership funds.

The necessary accounts were directed, and a report made by one of the commissioners of the court, to which there were exceptions by both parties, and a decree entered overruling the exceptions to that report and confirming the same so far as it affected the questions involved in this appeal.

The commissioner reported that the sum of $407.42 went into the Joslyn lot and the house constructed thereon out of the funds of the partnership, for which the appellant's husband had not accounted or charged himself on the books of Brown & Orr. There was a decree in favor of the surviving partner against the estate of the deceased partner for that sum, which was declared to be a lien on a house and lot conveyed to the appellant by W. S. Crowell and wife. It was further decreed that the estate of the deceased partner was entitled to one-half of the balance due from Mrs. Spencer, the purchaser of the Joslyn house and lot.

The action of the court in declaring that the $407.42 was a lien on the Crowell house and lot, and that the deceased partner's estate was entitled to one-half of the balance due on the Joslyn house and lot, is assigned as erroneous.

It appears, according to the finding of the commissioner, approved by the court, and as we think sustained by the evidence, that the Joslyn lot was purchased by the appellant and her husband, although it was subsequently conveyed to the appellant

alone; that the funds of the partnership, to the extent at least of the sum of $407.42, were used by the deceased partner in purchasing that lot and constructing the improvements thereon, which he had never accounted for or charged himself with upon the books of the firm; that a portion of the proceeds collected on the purchase price of the Joslyn house and lot, sold and conveyed to Mrs. Spencer, had been used in purchasing and improving the Crowell lot; and that the uncollected portion of the purchase price due from Mrs. Spencer on the Joslyn house and lot was evidenced by a note or bond payable to the appellant and her husband. It further appears that the deceased partner had no means when the partnership was formed, and substantially none during its existence, except his interest in that business, and that his wife did not receive more than $312.86 from the estates of her father and her grandfather, the sources from which she claims to have acquired the means with which to purchase and pay for the Joslyn lot and make the improvements thereon.

Whether or not the facts of the case would have justified the trial court in holding that to the extent to which the said partnership effects unaccounted for by Mr. Brown and not charged to him upon the books of the firm went into the real property conveyed to the appellant and the improvements made thereon, there was a resulting trust for the benefit of the partnership, need not be considered, as the court did not so decide and the surviving partner is not claiming that it should have done so. But it held, and we think properly, that the partnership funds so used in the purchase and improvement of the land conveyed to the appellant were a charge or lien thereon. It would be against the plainest principles of justice and equity, under the facts of this case, to permit a partner to use partnerhip funds in paying for and improving property for the benefit of his wife, and hold that there was no charge or lien upon the property in favor of the partnership to the extent that partnership funds had been so used, and unaccounted for—especially since it appeared that the partnership assets were insufficient to pay its

debts and the burden of paying them would fall upon the surviving partner. See *Warwick* v. *Warwick,* 31 Gratt. 70; *New South Building and Loan Association, &c.,* v. *Reed,* 96 Va. 345, 31 S. E. 514, 70 Am. St. Rep. 858; *National Valley Bank* v. *Hancock,* 100 Va. 101, 40 S. E. 611, 93 Am. St. Rep. 933, 57 L. R. A. 728; 15 Am. & Eng. Enc. L., 1184, and cases cited in notes 1 and 3; Adams Eq., note on top pp. 110-111 (5th Am. Ed. Bispham).

The other error assigned is to the action of the court in decreeing that the estate of the appellant's husband was entitled to one-half of the balance due from Mrs. Spencer on the purchase price of the Joslyn house and lot.

That balance of purchase money was evidenced by a note or bond, payable to the appellant and her husband jointly, and while the conveyance of the Joslyn lot was to the appellant alone, the evidence shows that it was purchased jointly for her husband and herself. The purchase having been originally made for herself and husband, and when the property was sold and conveyed to Mrs. Spencer the deferred purchase money notes or bonds having been made payable to both the appellant and her husband jointly, a *prima facie* case was made entitling the husband's estate to one-half of the balance of the purchase price due from Mrs. Spencer. The appellant has not pointed out, nor have we discovered, anything in the record which shows that she and not her husband's estate was entitled to what was made payable to him.

The cross-error assigned in the appellee's brief, under Rule 8, does not seem to be much relied on, and if it were we do not think there was any error in the action of the court in decreeing that the appellant should be subrogated to the rights of her husband's creditors against his estate, to the extent that she had paid off such indebtedness out of her own means.

We are of opinion that the decree appealed from should be affirmed.

*Affirmed.*