(159 App. Div. 59.)

### FABER v. HANBURY et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1913.)

1. LIS PENDENS (§ 20*)—CANCELLATION—RIGHT TO CANCELLATION.
    Where plaintiff was seeking to subject the interest of a mortgagor, remaining after foreclosure of the mortgage, to the payment of his judgment, the dismissal of his complaint does not entitle the mortgagee to a dismissal of plaintiff's notice of lis pendens under Code Civ. Proc. § 1323, declaring that, when an appeal is taken from a judgment in favor of the owner of real estate in an action to set aside the conveyance or to compel the specific performance of a contract, the owner shall have the right to sell or dispose of the same as though no appeal had been taken, unless the appellant shall· file with the clerk of the court a written undertaking in a sum sufficient to save the owner from injury; plaintiff's lien attaching only after the mortgagee's judgment is paid and satisfied.
    [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 33; Dec. Dig. § 20.*]

2. LIS PENDENS (§ 15*)—RIGHT TO LIS PENDENS.·
    Where plaintiff was seeking to subject the interest of the mortgagor, remaining after foreclosure of the mortgage, to the payment of his judgment and was not contesting the validity of the mortgage, his right to file a lis pendens cannot be denied on the theory that he should pay the mortgage debt.
    [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 24; Dec. Dig. § 15.*]

3. LIS PENDENS (§ 20*)—EFFECT.
    Where a judgment creditor of a mortgagor filed a lis pendens so as to subject the interest of the mortgagor to the payment of his judgment after foreclosure, the mortgagee can compel a purchaser to complete his purchase, and hence is not entitled to a dismissal of the notice on that ground.
    [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 33; Dec. Dig. § 20.*]

Appeal from Special Term, Kings County.
Action by Leander B. Faber, as receiver, against Harry A. Hanbury and others. From an order granting defendants' motion to cancel a lis pendens, plaintiff appeals. Order reversed.
Argued before BURR, THOMAS, CARR, RICH, and PUTNAM, JJ.
. Charles L. Craig, of New York City, for appellant.
William R. Murphy, of Brooklyn, for respondent Hart.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J.   On the 8th day of January, 1913, the defendant Meht purchased at foreclosure sale certain real property in the borough of Brooklyn, the fee of which she then owned.   The plaintiff was appointed receiver in supplementary proceedings of the defendant Flynn on January 10, 1913, and obtained an order enjoining the referee from completing the sale, which was subsequently reversed on appeal.   Hart v. Abels Gold Realty Co., 157 App. Div. 891, 141 N. Y. Supp. 1122. The defendant Meht assigned her bid and purchase to the defendant Hanbury, her former grantor.   The plaintiff on February 19, 1913, commenced this action and filed a lis pendens which seems to have had the effect of delaying the completion of the foreclosure sale. Upon the trial of the action the complaint was dismissed upon the merits as to the defendant Hart and as against the other defendants not on the merits.   An appeal has been taken from this judgment, which is now pending, and the defendant Hart moved at Special Term for an order canceling the lis pendens.   The motion was denied, provided the plaintiff file a written undertaking to the effect that, if the judgment was affirmed, he would pay to Hart the damages he suffered by reason of such appeal, and granting the motion in the event of failure to file such undertaking.   The present appeal is from this order.

[1] The order was under the provisions of section 1323 of the Code of Civil Procedure; and, unless the case comes within the provisions of this section, the plaintiff is entitled to have his lis pendens remain on file until the final determination of his action.   Mills v. Bliss, 55 N. Y. 139, 141; Beman v. Todd, 124 N. Y. 114, 26 N. E. 326; St. Regis Paper Co. v. Santa Clara Lumber Co., 34 Misc. Rep. 428, 69 N. Y. Supp. 904; s. c., 62 App. Div. 538, 71 N. Y. Supp. 82. Two facts must exist before the cancellation of a lis pendens is authorized under the section referred to, which are not in the case at bar.   It must be made to appear that the appeal is from a judgment in favor of the owner of real estate, and the judgment must have been rendered in an action to set aside a conveyance of such real estate or in an action to compel the specific performance of a contract for the sale thereof.   Hart is not the owner of the property involved, and the action is not one to set a conveyance thereof aside or to compel specific performance, but the action is brought to charge such real property (after Hart's rights and interests therein are extinguished) with a lien sufficient to pay the judgments represented by the plaintiff.   The validity of Hart's mortgage is not challenged, and no relief of any kind is asked against him.   The whole object of the action is to reach the property (after the sale on foreclosure shall have been completed and Hart's mortgage judgment paid) in the hands of Hanbury and impress a lien upon it.   It is contended by Hart that, if the action is to impress a lien only, the lis pendens must be canceled, and Brox v. Riker, 56 App. Div. 388, 67 N. Y. Supp. 772, is cited, but this case does not sustain his contention.   In that action the plaintiff sought to impress a lien upon two parcels of real property, in one of which it was alleged that the defendant had invested the avails of a fraudulent transfer of his drug business.   The com-

plaint in that action alleged defendant's ownership of the second parcel, with no other allegations, and the court held that, as there was no allegation bringing the action, as to the second parcel, within the class specified in section 1670, a judgment impressing a lien upon that parcel could not be sustained.

[2] It is also contended that, before the plaintiff is entitled to any consideration in a court of equity, he must do equity and pay the mortgage debt, but it must be remembered that the plaintiff's right to a lien, if sustained, does not attach to the property until after Hart's judgment is paid and satisfied.

[3] If, as contended, Hart has suffered damage through the nondelivery of the referee's deed and sale of the property for arrears of taxes, it is the result of his own neglect, for he could have compelled Hanbury to complete his purchase at any time after the reversal of the order enjoining the referee from completing the sale.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.