Jonathan B. Cook, Appellee, v. Edward P. Lauten, Appellant.

Gen. No. 44,395.

Opinion filed June 23, 1948. Released for publication July 12, 1948.

HALFPENNY & HAHN and E. S. D. BUTTERFIELD, both of Chicago, for appellant; RICHARD F. HAHN, of Chicago, of counsel.

ADOLPH R. HAYES and PAUL A. H. SHULTS, both of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

This is an interlocutory appeal by defendant from a decree granting a temporary injunction.

The complaint alleges in substance that prior to 1928, plaintiff had been engaged in the practice of his profession of Certified Public Accountant under the firm name of Jonathan B. Cook & Company; that on March 10, 1928, plaintiff and defendant, a Certified Public Accountant, entered into a written agreement which provided that defendant was to be paid a salary of not less than $4,000 plus a bonus; that in January 1933, defendant executed an agreement which

provides, among other things, that "for a period of five years after the termination of my employment I will not directly or indirectly be engaged or interested or employed in any public accounting business conducted at any place within seventy-five miles of the location of any office of my employer as such offices are located at the time of the termination of my employment."

The complaint further alleges that prior to July 15, 1939, one Trimarco became associated with the firm; that on March 31, 1942, Trimarco terminated his participation in the firm; that on November 19, 1946, the plaintiff received a written notice from defendant of dissolution of "our partnership as of today"; that defendant for two weeks prior to November 19, 1946, had been engaged in conspiring to violate his partnership agreements and to induce employees of the firm to violate their respective agreements with it, and had been soliciting clients of said partnership to employ defendant in performing auditing services for them; that in violation of his duties he had been surreptitiously visiting the office of said partnership outside of business' hours and had removed certain files and records thereof; that prior to sending plaintiff notice of dissolution of the partnership defendant had procured office quarters and is now engaged in the business of Certified Public Accountant in competition with plaintiff's business; and that defendant has employed five former employees of the firm.

In his answer defendant avers that on November 30, 1941, he entered into an oral agreement with plaintiff for the practice of accounting as partners, which provided for the sharing of profits and losses equally; that thereafter partnership income tax returns were filed by plaintiff and defendant under the partnership name of Jonathan B. Cook & Company for the years 1942, 1943, 1944 and 1945; that during these years the net profits of the partnership were equally divided be-

tween plaintiff and defendant; that the partnership filed reports, paid unemployment taxes, social security taxes, and withholding income taxes with respect to the several employees employed by the partnership; that during this period the plaintiff did not hold himself out to be the employer of defendant nor did he pay unemployment tax, social security tax nor withholding income tax to governmental authorities with respect to any moneys earned by defendant; that the premises occupied by the partnership were leased in the name of "Jonathan Cook & Co., a copartnership." Defendant admits that he removed certain files and records of the partnership and avers that he has offered to give plaintiff access to said files and records.

Further answering defendant denied that he received any money in excess of his due proportion of all firm profits, or that he is heavily indebted to plaintiff, and agrees that a full accounting be made of all the assets, liabilities, profits or losses of the partnership which existed between the plaintiff and defendant.

Plaintiff filed a reply averring that no legal partnership at any time existed between him and defendant.

The cause was referred to a master in chancery to take proofs "with respect to the immediate right of the plaintiff to a temporary injunction." Upon consideration of the master's report the chancellor entered the following decretal order:

"It is, therefore, ordered, adjudged and decreed that the defendant, Edward P. Lauten, shall be and he is hereby restrained and enjoined, until the further order of this Court, from:

"(a) Soliciting any business of former clients of Jonathan B. Cook & Co. (sometimes known as Jonathan Cook & Co.), and from doing any work for said clients,

"(b) Disclosing or authorizing or permitting to be disclosed to anyone, other than plaintiff, anything that defendant may have learned relating to the business or accounting work of the firm of Jonathan B. Cook & Co. or of any person who was a client of the firm of Jonathan B. Cook & Co. on or prior to November 18, 1946,

"(c) Employing any of the former employees of Jonathan B. Cook & Co.,

"(d) For a period of five years from and after November 18, 1946, directly or indirectly being engaged or interested or employed in any public accounting business conducted at any place within seventy-five miles of the location of the former office (on November 18, 1946) of Jonathan B. Cook & Co. at 120 S. La Salle Street, Chicago, Illinois; excepting that said defendant may accept employment in any territory at any time after November 18, 1946 as a salaried employee of others already established, but subject nevertheless to the prior provisions of sub-paragraphs (a), (b), and (c), above.

"4. It is further ordered, adjudged and decreed that the defendant, Edward P. Lauten, forthwith return (to the extent, if any, that he has not already returned), to the plaintiff at his present office at 105 W. Adams Street, Chicago, Illinois, all of the files and office equipment and every other tangible property formerly belonging to or held by Jonathan B. Cook or Jonathan B. Cook & Co. (and not the personal and individual property of the defendant, Edward P. Lauten) which were removed by the defendant under his direction or by persons acting under his control or instigation, from the office of Jonathan B. Cook & Co. on or prior to November 18, 1946."

In paragraph 23 of his report the master stated that he "is of the opinion and believes that the unlawful termination of the partnership agreement by Lauten on November 18, 1946 placed the status of the

firm of Jonathan B. Cook & Co. in the same condition as though Lauten departed this life on· said date." And in paragraph 24 the master found that "the plaintiff is entitled to the remedies set forth in the Uniform Partnership Act, Illinois Revised Statutes (1945), chapter 106½, section 38, paragraphs 1 and 2 [Jones Ill. Stats. Ann. 97.38, subpars. (1), (2)]." These findings imply that a partnership existed on November 18, 1946.

The complaint is framed on the theory that a partnership existed at the time defendant severed his relations with plaintiff and it prays that the court find that the partnership relation between plaintiff and defendant has been dissolved by the wrongful acts of defendant; that "all the assets of the partnership . . . are the property of the plaintiff," and that an accounting may be had of the copartnership dealings from November 30, 1937 to the time of the hearing.

In his brief plaintiff asserts that the relationship of plaintiff and defendant was one of employer-employee, and not a partnership; and that assuming, but not admitting, that a partnership existed, defendant violated duties he owed plaintiff, whether as a partner or employee, and that plaintiff was entitled to mandatory equitable relief.

We cannot agree with this assertion. Plaintiff is not entitled to the same relief whether defendant be a partner or an employee. These relationships are inconsistent. Defendant cannot be an employee and a copartner of plaintiff at the same time in the same business, since a partner is a co-owner. (*Lindley v. Murphy*, 387 Ill. 506.) A partnership is a contract of mutual agency, each partner acting as a principal in his own behalf and as agent for his copartner (*Schumann-Heink v. Folsom*, 328 Ill. 321) and each partner is possessed of a joint interest in the whole but does not own any separate part of the partnership property (*Swirsky v. Horwich*, 382 Ill. 468).

■ Plaintiff cannot proceed on conflicting theories as he has in the present case. He was either an employer or a partner at the time of dissolution of 'the firm, and cannot be both. Therefore we hold a determination of the relationship of the parties is indispensable, and a specific finding should have been made. No such finding was made.

■ Paragraph 4 of the injunction is essentially mandatory and in effect gives plaintiff sole possession of 'the firm assets. As partners neither party is entitled to exclusive possession or control.

■ Moreover if the employer-employee relationship between the parties terminated in 1937, as contended by defendant, then the provision of the injunction which restrains defendant for a period of five years after November 18, 1946 from engaging in any public accounting business conducted at any place within seventy-five miles of the location of the office of Jonathan B. Cook & Co. is improper. This provision of the injunction is based on a contract between the parties made thirteen years before, while the employer-employee relationship existed. If the employer-employee relationship ended in 1937 then the five-year limitation began to run at that time and terminated long before 1946. In reaching this conclusion we assume, without deciding, the validity of the restrictive agreement.

■ Defendant admits that an employer-employee relationship existed between the parties until December 1, 1937. If the partnership was formed then or in 1941 when Trimarco left the firm it follows that all of the prior agreements bearing on the employer-employee relationship were abrogated by acts and conduct of the parties. The issue of partnership was raised by defendant's answer. Certain admissions of plaintiff and other undisputed testimony strongly tend to prove the averments of defendant's answer. The record consists of more than thirteen hundred

pages and to review the evidence would unduly extend this opinion.

We think the chancellor was in error in entering the decree for a temporary injunction. In the view which we take of this case it is not necessary to consider the other points raised.

For the reasons assigned, the decree of the circuit court of Cook county is reversed.

*Reversed.*

BURKE, P. J., and KILEY, J., concur.