WILLIAM J. McGURK v. L. B. MOORE and Wife, LENA C. MOORE.

(Filed 10 October, 1951.)

**1. Lis Pendens § 1—**

A notice of *lis pendens* can be filed against real property only in an action affecting its title. G.S. 1-116.

**2. Lis Pendens § 6—**

A motion to cancel as unauthorized a notice of *lis pendens* admits as true the factual averments of the complaint but not its legal conclusions.

**3. Partnership § 4—**

When one partner wrongfully takes partnership funds and uses them to buy or improve property, his co-partners may compel him to account to the partnership for the funds and enforce the resulting claim as an equitable lien on the property, or may charge the property with a constructive trust in favor of the partnership to the extent of the partnership funds used in its purchase or improvement. G.S. 59-51.

**4. Partnership § 1a—**

Where an agreement is in writing, whether the parties thereto are partners depends upon its legal effect under the provisions of the uniform partnership act.

**5. Same—**

An agreement under which one party makes loans and advances of money to the other for use in a business conducted by such other, with provision of equal division of the profits between the parties, with further provision that the first party might withdraw all advances upon notice for the purpose of liquidation and that after payment of such advances and the payment of all expenses, the net profits remaining should be equally divided, *is held* not to create a partnership, since the indispensable requisite of co-ownership is lacking, G.S. 59-36 (1), G.S. 59-37, and the relationship of the parties is simply that of creditor and debtor.

**6. Trusts § 5b—**

Where the relationship between the parties is that of debtor and creditor and not that of partners, the creditor is not entitled to a declaration of a constructive trust in realty paid for or improved with money borrowed for the debtor's business.

**7. Lis Pendens § 1—**

Where the relationship of the parties is that of debtor and creditor and not that of partners, the creditor is not entitled to a declaration of a constructive trust in property purchased in part or improved by the debtor with the money borrowed for use in the debtor's business, and therefore the creditor's action for the recovery of the funds does not affect title to the land and *lis pendens* cannot properly be filed against the realty.

**8. Lis Pendens § 6: Husband and Wife § 15a—**

Since each tenant by entirety is deemed seized of the whole estate, either of them alone may move to cancel an unauthorized notice of *lis pendens* against property.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rudisill, J.,* at June Term, 1951, of BUNCOMBE.

Motion by the *feme* defendant, Lena C. Moore, to cancel notice of *lis pendens* on ground that complaint fails to state a cause of action affecting the title to the real property covered by the notice.

When the complaint is stripped of legal conclusions, it avers the things stated in the seven numbered paragraphs set out below.

1. On 16 March, 1945, Eugene M. Murphy sold and conveyed certain land in Buncombe County, North Carolina, to the male defendant, L. B. Moore, and his wife, the *feme* defendant, Lena C. Moore, as tenants by the entirety. As part of the transaction, the defendants executed a deed of trust on the same land to Sam M. Cathey, Trustee, to secure the payment of the purchase price of the land to their grantor in monthly installments.

2. From 29 January, 1947, until 1 May, 1947, the male defendant, L. B. Moore, was engaged in selling automobiles in Buncombe County, North Carolina, under the assumed name of Capitol Motors. The plain-

tiff, William J. McGurk, advanced the following sums to the male defendant for use in such business during this period: $2,000.00 on 29 January, 1947, and $2,500.00 on 1 May, 1947.

3. At the time of the advancement of the last named sum, to wit, on 1 May, 1947, the male defendant, "L. B. Moore, trading and doing business under the firm name of Capitol Motors, party of the first part," and the plaintiff, "William J. McGurk, . . . party of the second part," entered into a written contract, whose preamble recites these things: "That L. B. Moore is engaged in the . . . sale . . . of automobiles" in Buncombe County, North Carolina; that "William J. McGurk has . . . advanced and loaned to the said L. B. Moore the sum of $4,500.00"; and that "William J. McGurk may from time to time in the future make other advances and loans to the said L. B. Moore . . ., all of which are made for the purpose of operating and maintaining said business."

4. The body of the contract defines the obligations and rights of the parties as follows: "The said L. B. Moore shall devote his entire time to the operation and management of said business . . .; that the said L. B. Moore shall purchase and resell at a profit all merchandise acquired by said company; that all expenses . . . in the operation of said business shall be borne out of the profits realized from the sale of said automobiles, and after all such expenses shall have been paid the net profits remaining shall be divided equally between the said L. B. Moore and William J. McGurk, to share and share alike. The profits aforesaid may be divided at any time but as frequently as is possible. For the services of the said L. B. Moore as aforesaid no salary or compensation shall be paid other than the sharing in the net profits as herein stated. . . . William J. McGurk may withdraw any and all advances made, or which may hereafter be made by him after having given thirty days written notice to the said L. B. Moore for the purpose of liquidating said business and closing out the records thereof. And after the payment of all said advances to the said William J. McGurk, and the payment of all expenses up to and including the closing out of said business, the net profits remaining shall be divided equally as aforesaid between the parties to this agreement."

5. On 24 September, 1947, the plaintiff advanced the further sum of $1,500.00 to the male defendant under the written contract of 1 May, 1947.

6. From 1 May, 1947, until 8 May, 1951, when this action was commenced, the male defendant had exclusive management of the business of selling automobiles under the assumed name of Capitol Motors. During this period, the male defendant collected substantial profits from the business.

7. The male defendant has refused to account to the plaintiff for the latter's share of the profits. Moreover, the male defendant has mis-

appropriated such profits and virtually all of the capital assets of the business, and has used the same to defray "his personal family living expenses," to make improvements on the land held by the defendants as tenants by the entirety, and to discharge the monthly installments maturing on the purchase price of such land. The remaining assets of the Capitol Motors are insufficient to satisfy the sums due plaintiff for advancements and profits, and the male defendant "is insolvent other than his interest in the . . . realty held by the entireties" with the *feme* defendant.

The complaint concludes as matters of law that the written contract of 1 May, 1947, made the plaintiff and the male defendant partners in the business known as the Capitol Motors, and that the advancements made by the plaintiff to the male defendant constituted contributions by plaintiff to the capital of the Capitol Motors. It prays that a receiver be appointed to take charge of the remaining assets of the Capitol Motors; that an accounting be had to determine the total amount of the capital assets and profits of the Capitol Motors misappropriated by the male defendant, and the amount of such assets and profits "invested in the real estate held by the defendants" as tenants by the entirety; and that "the court declare a . . . trust in favor of the partnership in the . . . realty in an amount equal to the partnership funds that the court shall find have been converted by the defendant, L. B. Moore, and invested in said realty."

At the time of the commencement of the action, to wit, on 8 May, 1951, the plaintiff filed notice of *lis pendens* against the land held by the defendants as tenants by the entirety with the Clerk of the Superior Court of Buncombe County, and thereafter, to wit, at the June Term, 1951, of the Superior Court of Buncombe County, the *feme* defendant moved before the presiding judge after notice to plaintiff for cancellation of the notice of *lis pendens* on the ground that the complaint fails to state a cause of action affecting the title to such land. The judge entered an order sustaining the motion, and the plaintiff appealed, assigning such ruling as error. Summons had not been served on the male defendant at the time of the entry of the order.

*Sanford W. Brown and William V. Burrow for plaintiff, appellant.*
*No counsel contra.*

ERVIN, J. Under the statute, a notice of *lis pendens* can be filed against real property only in an action affecting its title. G.S. 1-116. The appeal, therefore, presents this primary question: Does the complaint state a cause of action affecting the title to the land held by the defendants as tenants by the entirety?

McGURK *v.* MOORE.

In passing on this inquiry, we accept as true the factual averments of the complaint. We are not bound, however, by the legal conclusions of the pleader.

When one partner wrongfully takes partnership funds and uses them to buy or improve property, his co-partners may obtain redress in one of these alternative ways:

1. They may compel him to account to the partnership for the funds, and enforce the resulting claim as an equitable lien on the property. *Hanna v. McLaughlin,* 158 Ind. 292, 63 N.E. 475; *Holmes v. Gilman,* 138 N.Y. 369, 34 N.E. 205, 34 Am. S. R. 463, 20 L.R.A. 566, 30 Abb. N. Cas. 213; *Brown v. Orr,* 110 Va. 1, 65 S.E. 499, 135 Am. S. R. 912.

2. They may charge the property with a constructive trust in favor of the partnership to the extent of the partnership funds used in its purchase or improvement. G.S. 59-51; The American Law Institute: Restatement of the Law of Restitution, section 202. See, also, in this connection: *Crone v. Crone,* 180 Ill. 599, 54 N.E. 605, and 68 C.J.S., Partnership, section 88.

The plaintiff invokes these principles in the case at bar. He concludes as a matter of law that the contract of 1 May, 1947, creates a partnership between him and the male defendant in the business designated as Capitol Motors. Starting with this legal conclusion as a premise, he advances these interdependent arguments to sustain the notice of *lis pendens:* That the male defendant wrongfully took funds of the partnership existing between him and the plaintiff under the firm name of Capitol Motors, and used them to improve the land and to pay off installments of its purchase price; that by reason thereof the plaintiff is entitled to a decree under the principles invoked by him charging the land with a constructive trust in favor of the partnership to the extent of the funds of the partnership thus misappropriated and used by the male defendant; and that in consequence the action affects the title to the land.

The plaintiff's position is valid if, and only if, his premise is sound. The contract of 1 May, 1947, is in writing, and the question of whether or not the plaintiff and the male defendant are partners in the business known as Capitol Motors depends upon the legal effect of the written contract under the provisions of the Uniform Partnership Act, which was adopted in North Carolina in 1941.

The Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." G.S. 59-36 (1). When the written agreement is tested by this definition, it is manifest that there is no partnership between the plaintiff and the male defendant in the business designated as Capitol Motors, for the very simple reason that the indispensable requisite of co-ownership of the business is lacking. *City of Wheeling v. Chester,* 134 F. 2d 759; *Spier*

McGURK v. MOORE.

*v. Lang,* 4 Cal. 2d 711, 53 P. 2d 138; *Cook v. Lanten,* 335 Ill. App. 92, 80 N.E. 2d 280; *Smith v. Maine,* 260 N.Y.S. 409, 145 Misc. 1; *Provident Trust Co. of Philadelphia v. Rankin,* 333 Pa. 412, 5 A. 2d 214. Under the contract, the male defendant is the sole owner and operator of Capitol Motors. The plaintiff merely made repayable "advances and loans" of money to defendant for use in the business. *Bankers Mortgage Co. v. Commissioner of Internal Revenue,* 142 F. 2d 130; *B. J. Carney & Co. v. Murphy,* 68 Idaho 376, 195 P. 2d 339. Indeed, all of the indicia of a partnership are wanting in the contract except that of sharing profits. It is plain, however, that the plaintiff is entitled to receive a share of the profits simply as compensation or interest for the use of his money by the male defendant. *In re Mission Farms Dairy,* 56 F. 2d 346; *Black v. Brandage,* 125 Cal. App. 641, 13 P. 2d 999. Consequently, the stipulation as to the sharing of profits falls within the following provision of the Uniform Partnership Act: "In determining whether a partnership exists, these rules shall apply: . . . (4) The receipt by a person of a share of the profits of a business is *prima facie* evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment: . . . (d) As interest on a loan, though the amount of the payment vary with the profits of the business. . . ." G.S. 59-37.

When all is said, the relation between the plaintiff and the male defendant under the contract is simply that of creditor and debtor. For this reason, the plaintiff is not entitled to charge the land held by the defendants as tenants by the entirety with a constructive trust, and this action does not affect the title to such land.

This brings us to this secondary and final question: May an unauthorized notice of *lis pendens* against land held by a husband and wife as tenants by the entirety be canceled on motion of the wife alone?

A motion for the cancellation of an unauthorized notice of *lis pendens* must be made by some person aggrieved by the continuance of the notice on the records. *Painter v. Gunderson,* 123 Minn. 342, 143 N.W. 911. Manifestly the owner of the property involved is such a person. *Faber v. Hanbury,* 144 N.Y.S. 381, 159 App. Div. 59. Inasmuch as each tenant by the entirety is deemed seized of the whole estate (*Winchester-Simmons Co. v. Cutler,* 199 N.C. 709, 155 S.E. 611), either of them may move to cancel an unauthorized notice of *lis pendens* against the property held by the entirety. This conclusion finds substantial support in a well reasoned decision of the Appellate Court of Indiana, holding that one tenant by the entirety may apply for the judicial protection of his rights in the property. *Humberd v. Collings,* 20 Ind. App. 93, 50 N.E. 314.

The order canceling the notice of *lis pendens* is

Affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.