358 So.2d 1178 (1978)
Herbert W. VIRGIN, III, and Chester E. Whittle, Jr., Appellants,
v.
Robert H. SLATKO, Appellee.
No. 77-1600.
District Court of Appeal of Florida, Third District.
May 23, 1978.
Rehearing Denied June 15, 1978.
*1179 Podhurst, Orseck & Parks and Michael S. Olin, Miami, for appellants.
Sam Spector, Tallahassee and Arthur E. Huttoe, Miami, for appellee.
Before PEARSON, HENDRY and KEHOE, JJ.
PER CURIAM.
This interlocutory appeal is from an order for an accounting. The main thrust of the appeal is that the trial judge misconstrued the contracts between the parties. We hold that an accounting was properly ordered under the law concerning partnership contracts set forth in Frates v. Nichols, 140 So.2d 321 (Fla.3d DCA 1962). See also Obel v. Henshaw, 130 So.2d 892 (Fla.3d DCA 1961).
A second question presented is whether the order properly included "good will" as an asset of the partnership. As a general proposition, a business dependent solely upon the personal and professional qualifications of the persons carrying it on does not possess "good will." See Bailly v. Betti, 241 N.Y. 22, 148 N.E. 776 (1925); Cook v. Lauten, 1 Ill. App.2d 255, 117 N.E.2d 414 (1954); and Siddall v. Keating, 8 A.D.2d 44, 185 N.Y.S.2d 630 (1959). We hold that the evidence before the trial court does not bring the present dissolution within the meaning of the provisions in the first partnership contract, which provided for "good will" only upon the "... retirement of a partner, loss of license of a partner, or the death of a partner ..." Therefore, in that particular only, the order appealed is reversed. In all other particulars, the order appealed is affirmed.
Affirmed in part, reversed in part and remanded for further proceedings in accordance with the order appealed, as modified.