J. HUIZINGA CARTAGE COMPANY *et al.*, Plaintiffs-Appellants, v. BEDROCK ENTERPRISES *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 88—1222

Opinion filed December 7, 1988.—Rehearing denied January 6, 1989.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James DeNardo, Mark F. Devane, and Christine L. Olson, of counsel), for appellants.

Gary S. Tucker, of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff John Huizinga along with J. Huizinga Cartage Co. filed suit to recover $3,000 paid when he hired defendant Bedrock Enterprises to build a fence which was never built. Joseph Lullo and Dr. Lawrence Lerner were the owners of Bedrock. An *ex parte* judgment was entered against Lullo in the amount of $3,000 as to count I, alleging breach of contract. The court dismissed count II, which sought enforcement of a promissory note signed by Lullo. Following a bench trial as to Lerner, the trial court entered judgment against Lerner and Lullo jointly and severally as to count I. Lerner alone appeals from this judgment.

In March 1984, plaintiff paid $3,000 to Lullo to build a fence at the location of Huizinga Cartage. The fence was never built, and the $3,000 was not returned. On December 10, 1986, plaintiff filed this suit.

At trial against Lerner, plaintiff testified that he hired Bedrock to build the fence. He paid $3,000 to Lullo, who signed the contract.

Lullo gave plaintiff a land trust document as security for the $3,000. The certificate of the trust document, signed by Lerner, and directing that bills be sent to Lullo at Bedrock, showed Lerner, Lullo and Lorraine Dowling as beneficiaries of the land trust. Lullo also gave plaintiff as security a share certificate of Dowling in Bedrock. The share certificate was signed by Lullo as secretary and Lerner as president.

Lerner testified that Bedrock was formed in April 1983. He was "possibly" the president. In June 1984, he and Lullo were part owners of Bedrock. The Bedrock board of directors held no meetings, kept no minutes or account books, and did not have a bank account in its name. He did not know what amount of money he gave Lullo when Bedrock was formed, or whether Bedrock had any assets at that time.

■ Lerner contends that he cannot be held liable as a corporate officer of Bedrock. Lerner's arguments in regard to Bedrock's status as a corporation are not relevant on appeal. The complaint does not allege that Bedrock was a corporation. Moreover, Lerner offered no certificate of incorporation and testified that there were no corporate board of director meetings, no minutes, no bank account, and no assets. Bedrock was not a duly authorized acting corporation and was not doing business as a corporation. Any attempt to form a corporation doing business under Illinois law was invalid. We agree with the trial court that a partnership, and not a corporation, existed.

■ In a partnership, each partner acts as a principal and agent for the other partner. (*Cook v. Lauten* (1954), 1 Ill. App. 2d 255, 117 N.E.2d 414.) One partner is jointly liable for the debts the partnership incurs. (Ill. Rev. Stat. 1983, ch. 106½, pars. 13 through 15.) The existence of a partnership may be determined from the facts and circumstances surrounding the business venture. *Englestein v. Macki* (1962), 35 Ill. App. 2d 276, 182 N.E.2d 351.

■ Lerner testified that he and Lullo entered into a business called Bedrock, that they were co-owners, and that he paid Lullo money when the business was formed. We find Lerner and Lullo established a partnership. Because of his status as a partner, Lerner is liable for Lullo's partnership debt to plaintiff. Ill. Rev. Stat. 1983, ch. 106½, pars. 13 through 15.

Furthermore, when a person, by words spoken or written, or by conduct, represents himself, or consents to another representing him to anyone, as a partner with another person, even if they are not actual partners, he is liable to that person to whom such representation was made, where that person, on the faith of such representation, gave credit to the partnership. (Ill. Rev. Stat. 1983, ch. 106½, par.

16.) Lerner signed the land trust document with Lullo. That document announces that bills shall be sent to Lullo in care of Bedrock. Lerner, with Lullo, also signed alleged stock certificates for Bedrock.

Lerner, therefore, consented to Lullo holding himself out as Lerner's partner. Thus, Lerner is liable to plaintiff, to whom such representations were made, who, on the faith of such representation, paid $3,000 to the business. Consequently, if a partnership liability results, Lerner is liable as though he were an actual member of the partnership. Where no partnership liability results, Lerner is liable jointly with Lullo. Ill. Rev. Stat. 1983, ch. 106½, par. 16.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and RIZZI, J., concur.