FIRST DIVISION

September 9, 2002

Nos. 1-00-1772, 1-00-2197 (Cons.)

TERRY A. DAVIS, TINLEY PARK PARTNERS 3, ) Appeal from the

EDGECORP I, INC., TAD ASSOCIATES INC., ) Circuit Court of

SOUTHWEST CONSTRUCTION CORPORATION, ) Cook County

DAVID G. TILLINGHAST, and EDGEWATER )

WALK APARTMENTS, )

)

Plaintiffs-Appellants, )

)

v. ) )

P. MICHAEL LOFTUS, DONALD F. ENGEL, )

GOTTLIEB & SCHWARTZ, an Illinois )

partnership, KEITH R. ABRAMS, ROY L. )

BERNSTEIN, STEPHEN R. CHESLER, BARRY J. )

FREEMAN, ANTHONY L. FRINK, MARVIN H. )

GLICK, NORTON N. GOLD, DANIEL V. )

KINSELLA, DAVID C. KLUEVER, RICHARD S. )

KUHLMAN, HARVEY I. LAPIN, JEROLD LAVIN, )

STEPHEN H. LAVIN, LOREN J. MALLON, )

JONATHAN L. MILLS, DAVID G. MUELLER, )

AMY R. PERLMAN, CARLOS G. RIZOWY, )

SALLY H. SALTZBERG, STANTON SCHUMAN, )

ELLIS SHAFER, HERBERT L. STERN, JR., )

DAVID SUGAR, JAY P. TARSHIS )

and DENNIS C. WALDON,       ) Honorable

) Michael J. Hogan,

Defendants-Appellees. ) Judge Presiding

JUSTICE McNULTY delivered the opinion of the court:

Terry Davis and several corporations he controlled filed a complaint against Michael Loftus, Donald Engel, and the partners in the law firm of Gottlieb & Schwartz, alleging that Loftus and Engel committed legal malpractice in connection with a real estate transaction.  Two counts of the complaint sounded in negligence, while two other counts repeated the same allegations as breach of a contract to provide competent legal representation.  The trial court struck the contract counts and part of the damages claimed in the negligence counts.  The court also dismissed a claim against the income partners of Gottlieb & Schwartz.  The court held that income partners did not qualify as partners, and therefore they did not share liability for the acts of partners and employees of the law firm.  Davis appeals from the rulings.

We find that we lack jurisdiction to decide the appeal from the dismissal of the contract counts, because the counts only restate the allegations of the negligence counts that remain before the trial court.  The judgment striking the contract counts does not dispose of any entire claim.  For similar reasons, we lack jurisdiction to decide the appeal from the order striking part of the claim for damages in the negligence count.  We agree with the trial court's holding that the income partners of Gottlieb & Schwartz are employees, not partners, of the law firm, and therefore they do not bear liability for the acts of other partners and employees of the law firm.  However, the record on appeal does not adequately show that all of the 
defendant
s the trial court dismissed from the case served as income partners and not equity partners.  Therefore, we dismiss part of the appeal, affirm in part, and reverse in part.

BACKGROUND

In 1992 Davis needed new financing for a large real estate development in Tinley Park.  He hired Engel and Loftus, of Gottlieb & Schwartz, to represent him in negotiations with potential investors.  In February 1993 Davis and Thrush Development Company signed an agreement for a joint venture to develop the property.  In exchange for an ownership interest in the development, Thrush promised to meet the immediate financing needs of the development and, amongst other things, pay Davis $780,000.  Davis and Thrush set March 3, 1993, as the date for closing on the transfer of an ownership interest in the development.

On March 2, 1993, Thrush sent Engel and Loftus a stack of documents related to the closing.  Davis signed the closing documents on March 4, 1993.

In April 1995 Davis wrote to Engel, seeking to discuss legal strategies for obtaining the amounts Thrush promised to pay.  Engel, by letter dated June 19, 1995, demanded payment from Thrush.  Engel wrote:

"Pursuant to *** the Agreement dated February 5, 1993, *** Thrush Development was obligated, among other things, to pay to Mr. Davis the sum of $780,000 on the date of closing ***.  As you know, no portion of the $780,000 which has been due to my client for more than 2 years has yet been paid."

Thrush denied that it owed any payment to Davis.  Davis sued Thrush in 1995, seeking performance of the duties outlined in the February 1993 agreement.  Thrush denied liability.

In July 1997 Davis sued Engel, Loftus, and all equity and income partners of Gottlieb & Schwartz, in the case now before the court.  Davis alleged that between March 2, 1993, and March 4, 1993, he, Engel and Loftus discovered that the documents Thrush prepared for the closing lacked some of the important provisions Thrush accepted in the February 1993 agreement.  Engel and Loftus advised Davis that the February agreement fully bound Thrush.  Davis executed the documents in reliance on this advice.  Another attorney later advised Davis that Engel and Loftus might have provided inadequate assistance and advice in the course of the transaction with Thrush.  Davis claimed that Engel and Loftus violated their duty "to document fully and accurately the parties' rights and obligations *** and to close the transactions in a manner that preserved *** [Davis's] contractual rights against Thrush."  He alleged that he suffered damages because Engel and Loftus failed to advise him to file a vendor's lien on the property under development.

Davis also alleged, in paragraphs 71 through 76 of count I of the third amended complaint, that he would suffer further damages if his lawsuit against Thrush did not succeed.  If Thrush did not have legally binding obligations under the February 1993 agreement, including an obligation to pay Davis $780,000, then Engel and Loftus "breached their duty of care *** by failing to provide adequate documentation of Thrush's obligations *** at and after the Thrush closing on March 3 and 4, 1993."  The legal malpractice caused Davis damages including the $780,000 loss, unless Davis recovers the $780,000 in the litigation against Thrush.  Davis added that he suffered further damages in the form of attorney fees incurred in filing the lawsuit against Thrush.

In count II, Davis alleged that Engel and Loftus agreed to represent him in the Thrush litigation in exchange for payment of attorney fees. 

"[Engel and Loftus] impliedly agreed to exercise that duty of care prevailing in the legal field ***. 
 Defendant
s were obligated to document fully and accurately the parties' rights and obligations and to close the transactions in a manner [that] preserved and did not waive 
[Davis's] contractual rights against Thrush."

Davis alleged that Engel and Loftus "breached their contract with [Davis] in the manner and fashion described" in the first count.

Count III is not at issue in this appeal.  Davis repeated all of count I as count IV of the complaint, but in count IV he added all of the partners in Gottlieb & Schwartz as 
defendant
s, arguing that all shared liability for the malpractice of Loftus and Engel.  Count V similarly alleged that all partners in Gottlieb & Schwartz shared liability for the breach of the unwritten contract to provide legal services for Davis.

By order dated May 10, 2000, the trial court struck with prejudice counts II and V, the contract counts, as needless duplication of the malpractice counts.  The court also struck, with prejudice, the damages claimed in paragraphs 71 through 76 of the first count, because Davis admitted that he would suffer no such damages if he won all the relief he sought in his lawsuit against Thrush.  The ruling permitted the lawsuit to proceed on Davis's other claims for damages from the legal malpractice.  The court expressly found no just reason to delay appeal of the dismissals of counts II and V and the dismissal of the damage claim in paragraphs 71 through 76 of the complaint.  Davis filed a timely notice of appeal.  The case has docket number 1-00-1772.

One of the partners named as a 
defendant
, Anthony Frink, filed a motion to dismiss count IV against him because he did not qualify as a "partner" in Gottlieb & Schwartz for purposes of vicarious liability.  Frink attached a copy of Gottlieb & Schwartz' partnership agreement listing Frink, Jay Tarshis, Roy Bernstein, and others not named in the complaint, as "Income Partners."  According to the agreement, the firm paid each income partner "a fixed level of compensation determined on an annual basis by the Executive Committee," plus a bonus.  The agreement expressly added: "Income Partners will not share in Partnership Net Profit or Loss."

Each income partner made a "capital contribution" of $10,000 to the firm.  If an income partner withdrew from the firm, or upon dissolution of the firm, the firm would return the $10,000 capital contribution to the income partner, without any adjustment for the growth or profits of the firm from the time of the capital contribution.  Income partners also had no voting rights and were not eligible to serve on the executive committee.

Jerold Lavin, Dennis Waldon and Carlos Rizowy moved to join in Frink's motion.  All three alleged, without supporting documents, that they were income partners.

The trial court on May 30, 2000, joined all 
defendant
s it identified as income partners for consideration of Frink's motion to dismiss.  The court granted the motion and said:

"The 
defendant
s hereby dismissed from Count IV (Vicarious Liability) are: Anthony Frink, Keith R. Abrams, Roy L. Bernstein, Donald F. Engel, Daniel V. Kinsella, David C. Kluever, Jerold Lavin, P. Michael Loftus, David G. Mueller, Carlos G. Rizowy, Sally H. Saltzberg, Jay P. Tarshis and Dennis C. Waldon."

The court again expressly found no just reason to delay appeal from the order.  Davis filed a timely notice of appeal.  The case is docket number 1-00-2197.  We consolidated Davis's appeals.

No. 1-00-1772

A

Before we address the appeals on the merits, we must first determine the extent of our jurisdiction over the appeals.  Davis argues that we have jurisdiction to decide both appeals under Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a).  Rule 304 authorizes this court to hear an appeal from "a final judgment as to one or more but fewer than all of the parties or claims" (155 Ill. 2d R. 304(a)) if the trial court expressly finds no reason to delay enforcement or appeal from the judgment.

"[T]he fact that the trial court made a finding pursuant to Rule 304(a) does not necessarily mean that the order was final and appealable if the order was not in fact final. ***  An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof.  
[Citations.]
 

*** Where the bases of recovery for separate counts are different, and where the trial court makes the requisite finding, the dismissal of a count is appealable because it disposes of a distinct cause of action. 
[Citation.]
  However, it is well settled that the statement of a single claim in several ways does not warrant a separate appeal."  
Viirre v. Zayre Stores, Inc.
, 212 Ill. App. 3d 505, 511-12 (1991).

Even the dismissal of a count may not be sufficiently final for appealability.  "[W]here a party states one claim in several counts, the dismissal of fewer than all such counts is not a final judgment as to [any] of the party's 
claims
 as required by Supreme Court Rule 304(a)."  (Emphasis in original.)  
Russell v. Good Shepherd Hospital
, 222 Ill. App. 3d 140, 145 (1991).

Our supreme court patterned Rule 304(a) after Rule 54(b) of the Federal Rules of Civil Procedure (28 Fed. R. Civ. P. 54(b)), and the two rules promote similar policies.  
Geier v. Hamer Enterprises, Inc.
, 226 
Ill. App. 3d
 372, 378 (1992).  The rules promote judicial efficiency by discouraging piecemeal appeals (
Mares v. Metzler
, 87 
Ill. App. 3d
 881, 884 (1980)), while permitting early appeals when a delay may inflict a needless hardship on a litigant (see 
McKibben v. Chubb
, 840 F.2d 1525, 1528 (10th Cir. 1988)).

In 
Hawthorn-Mellody Farms Dairy, Inc. v. Elgin, Joliet & Eastern Ry. Co.
, 18 Ill. App. 2d 154 (1958), the appellate court held that an order dismissing a counterclaim lacked finality because a judgment after trial on the complaint might render moot all issues raised by the counterclaim.  An appellate court decision on that appeal would waste judicial resources if the trial court's subsequent decision gave the counterclaimant all the relief it sought.

An appeal from the dismissal of one count of a multicount complaint wastes judicial resources if the 
plaintiff
, in the dismissed count, seeks relief based on the same operative facts as those forming the basis for a surviving count.  Permitting a separate appeal in such a case would require the appellate court to relearn, inefficiently, the same set of facts when the case returns for a second appeal following final judgment on all of the claims.  
Jack Walters & Sons Corp. v. Morton Building, Inc.
, 737 F.2d 698, 702 (7th Cir. 1984); see 
Waters v. Reingold
, 278 Ill. App. 3d 647, 657 (1996), 
overruled on other grounds
, 
Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.
, 182 Ill. 2d 6, 8-9 (1998).  Moreover, the appellate court would address facts still at issue in the claims remaining before the trial court, compromising the trial court's position as the primary fact finder. See 
Metzger v. Fitzsimmons
, 175 
Ill. App. 3d
 674, 675 (1988).

Here, Davis appeals from the trial court's judgment dismissing counts II and V of his complaint.  Those counts restate as an action for breach of contract the same facts that formed the basis for the counts charging 
defendant
s with legal malpractice.  A cause of action for legal malpractice

"is primarily a tort action for negligence based upon an attorney's failure to exercise a reasonable degree of skill and care in representing his client. 
[Citation.]
  Yet, the duty allegedly breached in such an action arose out of the establishment of the attorney-client relationship by a contract for legal services."  
Christison v. Jones
, 83 Ill. App. 3d 334, 338 (1980).

Here, as in 
Land v. Greenwood
, 133 Ill. App. 3d 537, 541 (1985), the "action for legal malpractice is one sounding in tort which arises out of a contract, express or implied, for legal services.  With no additional allegations, the contract count is simply a restatement of the negligence count."

The facts here supporting the dismissed contract claim are identical to the facts supporting the legal malpractice claim, which awaits trial.  The relief sought in the dismissed counts is identical to the relief sought in the surviving counts.  To address an appeal from the dismissed contract count on the merits, this court will need to learn all the facts that may later come before the court on appeal from a final judgment on the malpractice count.  And full compensation for the alleged malpractice would render any decision on the contract counts moot.  Because the contract counts only rephrase the claim stated in the malpractice counts, the judgment on the contract counts does not dispose of a separate and distinct claim within the meaning of Rule 304(a).  Despite the inclusion of Rule 304(a) language in the order dismissing the contract counts, we lack jurisdiction to consider the appeal from the judgment dismissing counts II and V of the complaint.

B

Defendant
s challenge our jurisdiction over the appeal from the order striking paragraphs 71 through 76 from count I of the complaint.  Those paragraphs raise a claim for damages for which Davis might receive other compensation if he wins his lawsuit against Thrush.  Davis contends that this court has jurisdiction to consider separately the dismissal of some elements of damages sought in the legal malpractice count.  The appeals court has in several cases refused to exercise jurisdiction over appeals from the dismissal of some elements of damages where the 
plaintiff
 may recover for other elements of damages on the same claim.  See 
 
McGrew v. Heinold Commodities, Inc.
, 147 
Ill. App. 3d
 104, 110 (1986); 
Palatine National Bank v. Charles W. Greengard Associates, Inc.
, 119 
Ill. App. 3d
 376, 381-82 (1983).  These cases appear to apply straightforwardly the words of Rule 304(a), as the rule permits appeal only from final disposition of a claim, and not for part of the damages sought for a single claim of wrongdoing.

The cases also apply the rule the federal appellate courts apply when the district court grants partial 
summary judgment
 on some elements of damages.  Federal rules permit partial 
summary judgment
 "merely to speed up the trial by eliminating what were not deemed proper issues. *** There is no indication that it was the intent of the Supreme Court, in promulgating the rule, to make such partial summary judgment final and appealable." 
Leonard v. Socony-Vacuum Oil Co.
, 130 F.2d 535, 536 (7th Cir. 1942).  Thus, federal courts do not permit appeals from partial 
summary judgment
s dismissing part of a 
plaintiff
's damage claim.

Davis cites one case in which the Illinois Appellate Court reached a different conclusion.  In 
Bloom v. Landy
, 72 
Ill. App. 3d
 383 (1979), the 
plaintiff
 sold the 
defendant
 the 
plaintiff
's interest in a partnership and later sued the 
defendant
 for failure to pay $30,000 of the agreed price.  The 
defendant
 answered that the court should reduce the purchase price.  The 
plaintiff
 moved for 
summary judgment
 and the 
defendant
 presented evidence concerning the grounds for reducing the price.  The trial court entered a partial 
summary judgment
 awarding the 
plaintiff
 more than $20,000, but the court held that issues of fact required trial on the remainder of the 
plaintiff
's claim.  The court added Rule 304(a) language to the order granting partial 
summary judgment
 and the 
defendant
 appealed.

The appellate court noted that section 52 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) permitted a party to seek 
summary judgment
 for "any part of the relief sought."  The court concluded that the 
summary judgment
 for part of the relief sought in the single claim was a final and appealable judgment.  
Bloom
, 72 
Ill. App. 3d
 at 398.

We decide not to follow 
Bloom
.  Rule 304(a) requires full resolution of an entire claim, separable from claims remaining before the trial court, prior to appeal.  The General Assembly's decision to call a decision regarding part of the relief sought a "
summary judgment
" does not establish the appealability of such a judgment under Rule 304(a).  Contrary to 
Bloom
's reasoning, this court does not have jurisdiction to hear appeals from all 
summary judgment
s.  See 
Ortiz v. General Motors Acceptance Corp.
, 285 
Ill. App. 3d
 242, 244-45 (1996).

The trial court's decision striking paragraphs 71 through 76 of the complaint's first count does not finally dispose of any separable claim in the case.  Therefore, the trial court's inclusion of Rule 304(a) language in the order had no effect.  Rule 304(a) does not confer jurisdiction on this court to consider the appeal from the nonfinal order striking the paragraphs at issue.  Accordingly, we dismiss the appeal in docket number 1-00-1772.

We note that in some cases appellate resolution of an issue regarding an element of damages may materially advance a case to ultimate termination of the litigation.  In such cases an appeal from a nonfinal order dismissing a count or some paragraphs from a claim for damages may use judicial resources efficiently to dispose of a case.  Our supreme court adopted Supreme Court Rule 308 (155 Ill. 2d R. 308) as an avenue for appellate relief in such cases.  As the trial court here did not make the findings requisite for jurisdiction under Rule 308, we cannot assume jurisdiction over the appeal here on the basis of Rule 308.

No. 1-00-2197

By order dated May 30, 2000, the court granted 
summary judgment
, dismissing all claims against Anthony Frink and a number of other 
defendant
s.  Davis filed a timely appeal.  Because the judgment finally disposed of all claims against several parties, Rule 304(a) confers jurisdiction on this court to consider the appeal.  We review the record 
de novo
 to determine whether the court correctly entered judgment for the 
defendant
s at issue. 
Espinoza v. Elgin, Joliet & Eastern Ry. Co.
, 165 Ill. 2d 107, 113 (1995).

Section 13 of the Uniform Partnership Act (the Act) (805 ILCS 205/13 (West 1992)) provides that a partnership is liable for any wrongful act of any partner acting in the course of partnership business.  Section 15 makes all partners liable for any such acts.  805 ILCS 205/15 (West 1992).  The trial court found Frink and others not liable for the acts of Loftus and Engel based on its finding that the income partners of Gottlieb & Schwartz are not "partners" within the meaning of the Act.

The substance and not the form of a business relationship determines whether the relationship qualifies as a partnership. 
Koestner v. Wease & Koestner Jewelers, Inc.
, 63 
Ill. App. 3d
 1047, 1050-51 (1978).  Thus, we must decide whether the provisions of the partnership agreement pertaining to "Income Partners" make them partners within the meaning of the Act.

Cook v. Lauten
, 1 Ill. App. 2d 255 (1954), controls our disposition of this appeal.  In that case the 
plaintiff
 and the 
defendant
 signed an "agreement for junior partnership." 
Cook
, 1 
Ill. App. 2d
 at 258.  The agreement named the 
plaintiff
 as the managing partner and sole owner of the firm's assets, and established the 
defendant
's compensation as a fixed annual salary plus a bonus.  While the 
defendant
 could advance money to the firm, the firm would only return the same amount later.  The 
defendant, as a junior partner,
 had no right to participate in the firm's profits or losses.  The court held:

"[T]he agreement for a 'junior partnership' negatives every one of the elements essential to constitute a partnership relation. ***  Defendant's salary is fixed regardless of profits or losses of the alleged partnership and plaintiff as managing partner may by unilateral action alter defendant's share of the profit at will. ***  In short, defendant was to have no interest in the so-called 'partnership' except his unpaid salary and one month's bonus." 
Cook
, 1 
Ill. App. 2d
 at 259.

Here, too, the agreement established that income partners, including Frink, received a fixed salary plus a bonus, and the income partners took no share of the partnership's profit or loss.  While income partners paid a "capital contribution" to the firm, the firm would repay the same amount, without regard to the firm's profit or loss from the time of the "capital contribution."  The executive committee, like the managing partner in 
Cook
, set the level of compensation for all income partners.  Moreover, the income partners had no right to vote on the management or conduct of the partnership business.  See 805 ILCS 205/18(e) (West 1992).  Following 
Cook
, we find that income partners under Gottlieb & Schwartz' partnership agreement do not qualify as partners within the meaning of the Act, and therefore the Act provides no basis for holding income partners liable for the acts of Loftus and Engel.

Frink presented admissible evidence that he was an income partner at Gottlieb & Schwartz.  That document also named Roy Bernstein and Jay Tarshis as income partners.  Because Davis presented no evidence that those attorneys became equity partners in the relevant time frame, when Loftus and Engel allegedly committed malpractice, we affirm the trial court's decision granting 
summary judgment
 in favor of Frink, Bernstein and Tarshis.

However, the record on appeal includes no evidence concerning the status of other 
defendant
s.  Davis alleged in his complaint that all other 
defendant
s were partners in Gottlieb & Schwartz.  Jerold Lavin, Dennis Waldon and Carlos Rizowy alleged, in their motion to join Frink's motion, that they were income partners.  Their allegations served only to deny Davis' allegations, leaving the issue for resolution later on the basis of admissible evidence.  See 
Cato v. Thompson
, 83 
Ill. App. 3d
 321, 323 (1980).  None of the other 
defendant
s named by the court's order as income partners put any evidence into the record concerning their partnership status.  Because we review the record 
de novo
 when the trial court grants 
summary judgment
, we must reverse the judgments granted in favor of other 
defendant
s and remand for the presentation of admissible evidence concerning the partnership status of the other 
defendant
s.

CONCLUSION

We lack jurisdiction to consider the appeal from the order dismissing the counts for breach of contract, because those counts only rephrase the surviving counts for legal malpractice.
  The judgment did not finally resolve a separate claim.  We also lack jurisdiction to consider the appeal from the order striking paragraphs 71 through 76 of the complaint, because an order disallowing an element of damages does not finally resolve any separate claim.  Under the terms of Gottlieb & Schwartz' partnership agreement, "Income Partners" lack the essential characteristics of "partners" within the meaning of the Act, and therefore the Act does not make the income partners liable for the alleged misconduct of Loftus and Engel.  The record on appeal includes sufficient grounds to affirm 
summary judgment
 in favor of Frink, Bernstein and Tarshis on count IV of the complaint.  The record lacks evidence regarding other 
defendant
s, so we reverse the judgment granted in favor of Keith Abrams, Donald Engel, Daniel Kinsella, David Kluever, Jerold Lavin, Michael Loftus, David Mueller, Carlos Rizowy, Sally Saltzberg and Dennis Waldon on count IV and remand the case for further proceedings.

No. 1-00-1772, Appeal dismissed.

No. 1-00-2197, Affirmed in part and reversed in part.

TULLY and COUSINS, JJ., concur.