2020 IL App (2d) 191143
No. 2-19-1143
Opinion filed December 7, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| NATIONAL RIFLE AND PISTOL ACADEMY, LLC, | ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-CH-1404 |
| | ) | |
| EFN BROOKSHIRE PROPERTY, LLC, | ) | Honorable |
| | ) | Bonnie M. Wheaton, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justices Zenoff and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, National Rifle and Pistol Academy, LLC, a prospective purchaser of real estate, filed a three-count complaint against defendant, EFN Brookshire Property LLC. All counts were based on the same factual allegations. Count I requested both a declaration that there was a valid contract and an injunction barring defendant from selling the property to a third party. Count II requested specific performance. Count III, pleaded as an alternative to count II, requested damages for breach of contract. Without answering the complaint, defendant moved for judgment on the pleadings (735 ILCS 5/2-615(e) (West 2018)). The court treated the motion as one to dismiss for failure to state a cause of action (*id.* § 2-615(a)). The court dismissed all three counts. It dismissed count II with prejudice but allowed plaintiff to replead counts I and III. Neither party requested a

finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay the enforcement or appeal count II's dismissal.

¶ 2    Plaintiff filed an amended complaint that repleaded all three counts. The count for specific performance added some facts and modified the prayer for relief. Defendant answered all three counts and did not move to dismiss any of them. However, defendant then moved for a Rule 304(a) finding to make the dismissal of count II of the *original* complaint immediately appealable. Plaintiff opposed the motion. The court granted the motion and denied plaintiff's motion to reconsider.

¶ 3    Plaintiff appeals, alleging error in the court's dismissal of the original count II. We hold that the court abused its discretion in entering the Rule 304(a) finding. Therefore, we vacate the finding, and as a necessary consequence, we dismiss the appeal for want of jurisdiction.

¶ 4                          I. BACKGROUND

¶ 5    The preceding summary might make the procedural history of this case appear somewhat bizarre. Here, appearances are not deceiving. We turn to the details.

¶ 6    On November 15, 2018, plaintiff filed its original complaint. Count I alleged as follows. Defendant owned real property, a portion of which plaintiff sought to purchase through an agreement executed on April 19, 2018 (the Agreement). The Agreement referenced defendant's property but did not describe the parcel to be sold to plaintiff. The Agreement did not attach a survey or an accurate description of the parcel, and the description of the parcel remained disputed. Paragraph 2 of the Agreement stated, "The parties agree to share the cost of maintaining the wetlands, detention pond and access easements and roadways which are depicted in Exhibit B," but exhibit B was blank. Paragraph 3 allowed plaintiff to replace or augment the exterior walls of the building on the property, as "detailed in the plan attached as Exhibit F," but exhibit F was

blank. Paragraph 4 stated that a railroad easement "will remain an easement as granted and described in Exhibit C hereto," but exhibit C was blank. Paragraph 7 provided for recording a subdivision plat, which had been approved by the City of Naperville (City), but the plat had not been executed or recorded.

¶ 7    Count I alleged further as follows. On November 13, 2018, defendant "repudiated" the parcel as described on the plat and insisted on retaining possession and control of part of it. Defendant did not deliver a title commitment or survey to plaintiff within 10 business days after April 19, 2018, as the Agreement required, and had not yet done so. The parties did not agree on the lease on the "Future Leasehold Interest" by the expiration of the "Due Diligence Period" (90 days after the effective date of the Agreement) as required by paragraph 11 of the Agreement. The negotiations for the lease were unsuccessful, as the parties had failed to agree on numerous specifics. Defendant had not negotiated the lease in good faith.

¶ 8    Count I alleged further that an August 4, 2018, amendment to the Agreement required the sale to close on November 19, 2018. Defendant had demanded that plaintiff close on that date, but defendant could not do so because it had failed to cause the approval and recording of the plat or the creation of any parcel that could lawfully be conveyed to plaintiff. Plaintiff had performed all its contractual obligations at the cost of more than $900,000.

¶ 9    Count I requested a declaration that the Agreement was a valid contract and that defendant had not performed its obligations, plus an injunction prohibiting defendant from selling the property to a third party.

¶ 10    Count II reiterated the factual allegations of count I and added none. It prayed that the court "enter an order of Specific Performance as to [defendant] to comply with all provisions of the [Agreement]." Count III, which was based on the same factual allegations as the previous counts,

prayed that, if the court did not find that specific performance was proper, it should award damages of more than $900,000 for plaintiff's expenses.

¶ 11    On January 22, 2019, defendant moved for a judgment on the pleadings (735 ILCS 5/2-615(e) (West 2018)). The motion argued that the parties had not reached a meeting of the minds on numerous contractual terms. Further, count II was insufficient because the contractual terms, including the parcel's description, were not definite and certain. Further, all three counts failed because the Frauds Act (740 ILCS 80/2 (West 2018)) required a description of the property to be sold.

¶ 12    On March 14, 2019, plaintiff responded to the motion. Plaintiff's response attached a copy of the plat and minutes of a city council meeting of November 7, 2018, at which the plat was approved. Plaintiff argued first that the motion was not seasonable, because defendant had not answered the complaint. It argued second that the motion was insufficient on the merits, for various reasons. What defendant contended were failures to achieve a meeting of the minds were actually defendant's numerous breaches of its contractual obligations, such as supplying a completed survey and executing and recording the plat that the City had approved. The plat specified the property to be conveyed, but defendant had demanded that plaintiff accept less. The Frauds Act did not apply, because plaintiff had partially performed by expending more than $900,000 to comply with the Agreement. The parties' minds had met on the legal description of the parcel (as given in the plat) and on defendant's obligation to supply a survey and a title commitment. Thus, all three counts were sufficient.

¶ 13    On March 19, 2019, defendant replied to plaintiff's response. Defendant argued that the Agreement was not a valid contract but merely an agreement to negotiate one. The exhibits attached to plaintiff's response were not part of the complaint and could not be considered. The

complaint itself showed that no agreement had been reached on crucial terms, including the parcel to be sold, its legal description, the extent of the common-maintenance areas, the specifics of wall replacement and augmentation, and the terms of the future leasehold interest.

¶ 14     On April 11, 2019, after hearing arguments, the trial judge stated that a judgment for defendant was appropriate on count II because so many contractual details were unresolved that "the Court would, as a matter of law, be unable to render a decree of specific performance." Neither party requested a Rule 304(a) finding. The court entered a written order stating that it treated defendant's motion as one to dismiss for failure to state a cause of action. See 735 ILCS 5/2-615(a) (West 2018). The court dismissed count II with prejudice and "str[uck] Counts I and III with Plaintiff being granted leave to replead."

¶ 15     On May 19, 2019, plaintiff filed an amended complaint containing three counts that requested the same types of remedies as did the original complaint. Count I contained almost all the factual allegations in the amended complaint. These included those pleaded in the original complaint, with the following additions. The Agreement, as amended August 20, 2018, identified the portion of property to be sold. The plat specifically described the parcel, designating it "Lot 1." On November 7, 2019, the City approved the plat. However, defendant still had not executed or recorded it.

¶ 16     Count I repeated the original count I's allegations that defendant had "repudiated" the parcel and demanded that it retain part of it, that defendant had demanded that the transaction close on November 19, 2018, but had made that impossible by failing to record and execute the plat, and that plaintiff had expended more than $900,000 to comply with its obligations. Count I requested declaratory relief and an injunction to require defendant to perform all of its obligations under the Agreement, including closing on the sale.

¶ 17    The amended complaint included count II, labeled "Specific Performance," which was included "[i]n order to preserve [plaintiff's] claim for specific performance and right of appeal." Count II alleged no facts not included in count I. The prayer for relief requested that the court (1) order defendant to execute the plat and do what was necessary to have it recorded and (2) order defendant to convey Lot 1 of the plat to plaintiff within a reasonable time after the recording and "comply with all provisions of the Amended Agreement."

¶ 18    Count III, pleaded in the alternative to count II, sought damages for breach of contract. It realleged the facts in count I and sought the return of more than $900,000 that plaintiff had spent to comply with the Agreement.

¶ 19    Defendant did not move to dismiss the amended complaint or for judgment on the pleadings. On June 10, 2019, it filed its answer. Although the answer denied key allegations in count II, it did not contend that the court's order of April 11, 2019, barred the count.

¶ 20    On August 27, 2019, defendant moved to add a Rule 304(a) finding to the order of April 11, 2019, dismissing count II of the original complaint. The motion alleged that, on November 19, 2018, four days after plaintiff filed the original complaint, it recorded a *lis pendens* on the parcel. The *lis pendens* encumbered the parcel pending the resolution of counts I and III, without the benefit of a bond to cover the losses that defendant might incur because the property was unmarketable. On August 26, 2019, at a settlement conference, mediation was discussed. Plaintiff demanded $3.5 million in return for the dismissal of the complaint; this showed that mediation would not succeed. Defendant moved for a finding that there was no just reason to delay the enforcement or appeal of the order of April 11, 2019, and for a further order that plaintiff provide a release of the *lis pendens* "for recording absent an appeal and the posting of an appropriate bond."

¶ 21 On September 3, 2019, plaintiff filed a response and a motion to strike defendant's motion for a Rule 304(a) finding. Plaintiff noted that defendant's motion did not mention that plaintiff filed an amended complaint and that defendant had answered all three counts, none of which it moved to dismiss and none of which had been dismissed. Plaintiff argued that the court should strike defendant's motion; the amended complaint's count for specific performance was still pending, and defendant had never requested a Rule 304(a) finding until after it had answered the amended complaint.

¶ 22 On September 4, 2019, defendant replied to plaintiff's response. It argued that the response ignored the fact that the amended complaint stated that count II was refiled "solely in order to preserve the matter for appeal." Moreover, although defendant had answered count II, it had answered only one "substantive allegation," regarding plaintiff's expenses in complying with the Agreement, which was identical to an allegation pleaded in count III.

¶ 23 On September 23, 2019, the court heard defendant's motion. Defendant contended that the *lis pendens* was "tying up the property" without justification and that the immediate resolution of the specific performance issue would address this problem.

¶ 24 Plaintiff argued first that defendant had never sought a Rule 304(a) finding on the April 11, 2019, order until after plaintiff had filed, and defendant had answered, the amended complaint, which had included a count for specific performance; therefore, defendant had waived a Rule 304(a) finding. The judge stated that the specific performance count "was repled for purposes of preserving appeal [*sic*]"; plaintiff responded, "Well, it said it would preserve our right to specific performance and to appeal." Plaintiff reiterated that defendant had failed to seek a Rule 304(a) finding on the dismissal of the original complaint's count II and had not moved to dismiss the

amended complaint's count for the same remedy. It had answered that count, which was "a very different claim because [the] allegations in the two complaints *** are very different."

¶ 25    Plaintiff argued second that a Rule 304(a) finding would be improper because count II was based on the same factual allegations as count I of the amended complaint and differed only in the remedy sought. Further, count I of the amended complaint, which was pending, requested that the court enjoin defendant from conveying the property at issue to a third party, which was exactly what defendant now hoped to do and the reason that it gave in support of a Rule 304(a) finding. Were plaintiff forced to appeal immediately, the issue on appeal would be a remedy—specific performance under count II—not a cause of action. Thus, whichever way the trial court ruled on count I, "we have appeal number two because we've asked for the same thing, but it's an unadjudicated claim at this point." This would lead to "the classic misuse of [Rule] 304(a)" because it would "creat[e] two appeals when there should only be one." Plaintiff requested that the court allow defendant to "file whatever motions [it] wants as to both counts, I and Count II, and we can deal with it at the time and then have one appeal by either of us *** rather than have two appeals."

¶ 26    Defendant replied that, although count I did seek an injunction against conveying the property, plaintiff had never sought a preliminary injunction or temporary restraining order and now sought to tie up the property without posting a bond. If plaintiff wished to prevent defendant from conveying the parcel, it could post a bond or seek a preliminary injunction, the judgment on which could be appealed immediately.

¶ 27    The judge stated:

> "As far as the existence of a buyer is concerned, that's irrelevant to the issue of specific performance, so I'm not even going to consider whether there's a viable buyer or not.

I would think that exactly the opposite is true, that this might forestall further appeal because if the contract is not specific enough to sustain the remedy of specific performance, then that certainly begs the question of whether it's a valid and enforceable contract. I think at this point it would be appropriate to enter the 304(a) finding since you have chosen to replead for the purpose of maintaining your appeal and the other relief and for specific performance."

¶ 28 That day, the court entered a written finding that there was no just reason to delay the enforcement or appeal of the April 11, 2019, order granting defendant judgment on the pleadings on count II of the original complaint. On October 21, 2019, plaintiff moved to reconsider the dismissal of count II of the original complaint. Plaintiff argued first that the motion for judgment on the pleadings had not been seasonable. Plaintiff argued next that defendant had failed to seek a Rule 304(a) finding when the original count II was dismissed and had not moved to dismiss count II of the amended complaint, which was based on different facts and sought different relief. Plaintiff reiterated its arguments against the sufficiency of the motion for judgment on the pleadings, updating the argument to reference the facts added by the amended complaint.

¶ 29 On October 29, 2019, defendant responded to the motion to reconsider. Defendant contended that the dismissal of the original count II was proper for the reasons that the court gave at the time. Defendant argued further that the amended complaint's count for specific performance was identical to the original count II and that plaintiff had repleaded the original count II solely to preserve the claim for appeal. On November 18, 2019, plaintiff filed a reply. Plaintiff requested that the trial court vacate its judgment on the pleadings as to the original count II; dismiss that count II for failing to state a cause of action (see 735 ILCS 5/2-615(a) (West 2018)) but allow plaintiff to amend count II; vacate the September 23, 2019, order adding a Rule 304(a) finding to

the April 11, 2019, order; and allow the amended complaint and defendant's answer to stand as the pleadings.

¶ 30   On December 2, 2019, the court heard the motion to reconsider. Aside from arguing the merits of the dismissal of the original count II, the parties addressed the effect of the new count II in the amended complaint. Plaintiff contended that at present there were three counts pending and in issue and that plaintiff should be able to proceed on all three. Defendant argued that the amended complaint included a count for specific performance solely to preserve plaintiff's right to appeal the dismissal of the original count II. Defendant argued that it had answered the amended complaint's count for specific performance and chose not to move for a dismissal or a judgment on the pleadings thereto but that this was because it had already received a judgment on the pleadings on the original count II. Plaintiff replied that the amended complaint's count II was not a mere reiteration of the original complaint's count II but was based on different and more specific factual allegations, and plaintiff requested an order that defendant perform contractual obligations not alleged in the prayer in the original count II.

¶ 31   The court stated that the Agreement had left too many terms open for specific performance to be proper. It denied the motion to reconsider. On December 30, 2019, plaintiff filed a notice of appeal from the order of April 11, 2019, granting defendant judgment on the pleadings as to the original complaint's count II; from the order of September 23, 2019, granting defendant a Rule 304(a) finding; and from the order of December 2, 2019, denying plaintiff's motion to reconsider.

¶ 32                                II. ANALYSIS

¶ 33   Although neither party questions our jurisdiction to hear this appeal, we have an independent duty to consider the matter and to dismiss the appeal if jurisdiction is lacking. See *Geier v. Hamer Enterprises, Inc.*, 226 Ill. App. 3d 372, 375 (1992). A Rule 304(a) finding enables

a party to appeal a judgment that is final as to fewer than all parties or fewer than all claims in a case. However, the finding does not automatically make an order immediately appealable. *AT&T v. Lyons & Pinner Electric Co.*, 2014 IL App (2d) 130577, ¶ 19. Our jurisdiction depends on (1) whether the order is final and (2) whether there is any just reason for delaying the appeal. *Id.* ¶ 20. A finding that there was no just reason to delay is reviewed for abuse of discretion. *Id.* ¶ 24. A trial court abuses its discretion if its decision is arbitrary, fanciful, or unreasonable. *Id.*

¶ 34    We need not decide whether the dismissal of the original complaint's count for specific performance was final. Assuming that it was, we hold that the trial court abused its discretion in finding that there was no just reason to delay the appeal. To explain, we discuss three opinions.

¶ 35    In *Geier*, the plaintiff, who was injured on a construction site, filed a two-count complaint against the defendant property owner, based on statute and common-law negligence. The defendant filed a two-count, third-party action against the contractor (Coleman) that employed the plaintiff. The first count was for contribution; the second count was for breach of contract, alleging that Coleman failed to procure insurance as required. On Coleman's motion, the trial court dismissed the second count, based on waiver. With everything else still pending, the trial court entered a Rule 304(a) finding. *Geier*, 226 Ill. App. 3d at 374-75.

¶ 36    The appellate court held that it had jurisdiction. After setting out the two-part test noted earlier, the court held first that the partial dismissal was a final order, as it finally disposed of one claim of a party in a multiparty suit. *Id.* at 380. In the part of the opinion that interests us here, the court turned to the second prong of the test.

¶ 37    The court relied on case law applying Federal Rule of Civil Procedure 54(b) (Fed. R. Civ. P. 54(b)), noting that the drafters of Rule 304(a) had modeled it to a great degree on the federal

rule. *Geier*, 226 Ill. App. 3d at 378. Federal case law had enunciated several factors to determine whether a finding of immediate appealability is an abuse of discretion. These included

" '(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.' " *Id.* at 383 (quoting *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

¶ 38   The *Geier* court then observed that, in practice, federal courts had emphasized one factor: the relationship between the adjudicated claim(s) and the pending claim(s). Where the pending and adjudicated claims are closely related and stem from the same factual allegations, the appellate court does not accept the appeal. Overlapping legal bases for recovery further militate against hearing the appeal. See *id.* at 383-84 (and cases cited therein). The court held that the Rule 304(a) finding had not been an abuse of discretion. The third-party count that was based on Coleman's breach of its contract with the defendant "rest[ed] upon separate factual and legal bases [from] the tort counts in the primary action and in the third-party action." *Id.* at 385.

¶ 39   In *AT&T*, the plaintiff filed a complaint in negligence against the defendants (collectively, Lyons), whose excavation work allegedly damaged the plaintiff's underground facilities. Lyons filed a two-count, third-party complaint against a business (USIC) that the plaintiff had hired to locate and mark the underground facilities before the excavation began. One count was for contribution and the other was for Lyons's own losses; both were based on negligence. The trial

court granted USIC summary judgment on the contribution count and, over Lyons's objection based on *Geier*, entered a Rule 304(a) finding. *AT&T*, 2014 IL App (2d) 130577, ¶¶ 1-3, 17.

¶ 40    On appeal, Lyons argued in part that the finding was an abuse of discretion. We agreed and dismissed the appeal. The trial judge's sole reason for allowing an immediate appeal from the dismissal of the contribution claim was to obtain the resolution of a substantive question of law: whether USIC could be liable for contribution based on negligence even though its liability for the injury to the plaintiff would necessarily be based solely on contract. *Id.* ¶ 18. We explained that the court should have determined whether there was no just reason to delay the appeal, which required it to weigh the *Geier* factors. *Id.* ¶¶ 22-23. However, the judge's comments showed that he had not considered any *Geier* factors. Thus, to affirm the Rule 304(a) finding would require this court "to consider the *Geier* factors in the first instance," which we would not do, as that was properly the task of the trial judge. *Id.* ¶ 25. Moreover, the reason that the judge gave for allowing the immediate appeal was not merely irrelevant under *Geier* but an improper attempt to circumvent the procedural requirements of Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010) for obtaining discretionary review of an unsettled question of law. *AT&T*, 2014 IL App (2d) 130577, ¶¶ 27-32.

¶ 41    Finally, we examine *Davis v. Loftus*, 334 Ill. App. 3d 761 (2002). There, the plaintiff filed a four-count complaint against the defendants, two attorneys who were partners in their law firm. As pertinent here, two counts sounded in negligence, and two sounded in breach of contract to provide competent legal representation, but all four counts alleged the same facts. The trial court dismissed the two contract counts as duplicative of the negligence counts and entered a Rule 304(a) finding. The plaintiff appealed. *Id.* at 762-65.

¶ 42    The appellate court dismissed the appeal. The court reasoned that the order was not final, because the contract counts and the negligence counts were really different ways of stating a single

claim. *Id.* at 766-67. Although the basis of the court's opinion was the failure to satisfy the first prong of the two-pronged test, it expressed reasoning that is equally applicable to the second prong:

"An appeal from the dismissal of one count of a multicount complaint wastes judicial resources if the plaintiff, in the dismissed count, seeks relief based on the same operative facts as those forming the basis for a surviving count. Permitting a separate appeal in such a case would require the appellate court to relearn, inefficiently, the same set of facts when the case returns for a second appeal following final judgment on all of the claims." *Id.* at 767.

¶ 43     We now apply the case law. The trial court manifestly abused its discretion in granting the Rule 304(a) finding, resulting in an immediate appeal from the dismissal of count II of the original complaint.

¶ 44     We start with the trial judge's explanation for granting the Rule 304(a) finding. The judge disclaimed any reliance on the primary ground on which defendant sought the finding, the danger to the marketability of the property. In this, we find no abuse of discretion: defendant's lost opportunity was speculative and peripheral to the issues in the case. However, the judge then based the finding that an immediate appeal was proper on one factor: "[T]his might forestall further appeal because if the contract is not specific enough to sustain the remedy of specific performance, then that certainly begs the question of whether it's a valid and enforceable contract."

¶ 45     Put simply, the court considered only one *Geier* factor: the factual and legal overlap between the adjudicated count and the pending counts. Additionally, the court used this consideration to support the *grant* of the Rule 304(a) finding, even though the cases clearly instruct that such an overlap all but compels the *denial* of a Rule 304(a) finding. Plaintiff, by contrast, correctly argued that the complete factual overlap between the counts militated against entering a

Rule 304(a) finding. Plaintiff adopted the reasoning of *Davi*s: an immediate appeal would be a "classic misuse of [Rule] 304(a)" because it would "creat[e] two appeals when there should only be one." We are compelled to agree.

¶ 46                            III. CONCLUSION

¶ 47     Accordingly, we dismiss the appeal from the judgment of the circuit court of Du Page County.

¶ 48     Appeal dismissed.

---

**No. 2-19-1143**

---

| | |
|---|---|
| **Cite as:** | *National Rifle & Pistol Academy, LLC v. EFN Brookshire Property, LLC*, 2020 IL App (2d) 191143 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 18-CH-1404; the Hon. Bonnie M. Wheaton, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Craig J. Cobine, of Dommermuth, Cobine, West, Gensler, Philipchuck, & Corrigan, Ltd., of Naperville, and Jennifer L. Friedland and Patrick R. Boland, of Momkus LLC, of Lisle, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | John J. Pcolinski Jr., of Guerard, Kalina & Butkus, of Wheaton, for appellee. |

---